UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

09 CIV 7183

**Lori Osnow**

                                                Plaintiff

       -against-                                              COMPLAINT and
                                                                JURY DEMAND

**New York and Presbyterian Hospital**

                                               Defendant
------------------------------------------------------------------X

Preliminary Statement

This is an action brought against a provider of in-patient and out-patient psychiatric services for psychiatric malpractice, brought in this court based on diversity of citizenship.

Jurisdiction

1. This court has jurisdiction over the subject matter of this suit based upon 28 U.S.C. §1332, based upon diversity of citizenship of Plaintiff and Defendant in an action in which more than seventy-five thousand dollars is in controversy.

Venue

2. Venue is laid in the Southern District of New York, where the acts and omissions sued

-1-

on occurred.

## Parties

3. Plaintiff, Lori Osnow, is a resident of London, England at the time this suit is commenced, and intends to continue to reside in England indefinitely.

4. Defendant New York and Presbyterian Hospital is a not-for-profit corporation organized, doing business in, and with its principal place of business located in the State of New York.

## Facts

5. Defendant New York and Presbyterian Hospital at all times mentioned herein owned and operated an in-patient and out-patient psychiatric hospital and clinic in White Plains, New York.

6. Plaintiff was involuntarily unit of the in-patient psychiatric unit of this facility, knows as the "Bloomingdale" facility, on June 21, 2006.

7. Plaintiff's in-patient commitment to the hospital continued until August 4, 2006.

8. Upon her discharge from the in-patient unit, Plaintiff continued to be treated at New York Hospital's out-patient clinic in the partial hospitalization program, and then as an out-patient clinic patient, until February 15, 2007.

9. Plaintiff's involuntary commitment as an in-patient to the hospital grossly departed from the standards of care of the psychiatric community, in that no reasonable ground existed to believe that Plaintiff was dangerous to herself or others because of mental illness.

10. Moreover, one of the two physicians employed by Defendant, who certified Plaintiff's need for involuntary commitment for in-patient psychiatric treatment did so without interviewing or examining Plaintiff.

11. Plaintiff's involuntary in-patient treatment at Defendant New York Hospital grossly departed from the standards of care of the psychiatric community, including but not limited to the failure to adequately and professionally diagnose, the failure to develop an appropriate treatment plan, the failure to develop an appropriate discharge plan, over-medication and dispensing of inappropriate medications, and the failure to meet mandatory treatment requirements promulgated by the New York State Office of Mental Health for in-patient psychiatric treatment.

12. Plaintiff's treatment as an out-patient in Defendant's partial hospitalization program grossly departed from the standards of care of the psychiatric community, including but not limited to continuing to misdiagnose and over-medicate Plaintiff and inappropriate medication of Plaintiff, and failure to adhere to New York State office of Mental Health standards and requirements for partial hospitalization programs.

13. Upon Plaintiff's discharge from the partial hospitalization program, she continued treatment as an out-patient with the hospital's continuing day treatment program until February 15, 2007.

14. Defendant's treatment of Plaintiff in the continuing day treatment program grossly departed from the standards of care of the psychiatric community, including the misdiagnosis of Plaintiff, over-medicating, prescribing inappropriate medications, failure to develop an appropriate treatment plan and failure to develop a discharge plan.

15. Toward the end of Plaintiff's treatment, Defendant's employees utilized diagnostic tests which the Defendant and its employees had previously failed to utilize, which showed that Plaintiff had been misdiagnosed and had been treated based upon this misdignosis.

Wherefore, Plaintiff demands judgment against Defendant in an amount to be determined by the trier of fact, in excess of seventy-five thousand dollars, in compensatory and punitive damages, by either with such further, other and different relief as this court deems just.

Yours, etc.

*[signature]*

Aaron David Frishberg (AF 6139)
Attorney for Plaintiff
116 W. 111th St,
New York, NY 10026
212 710 4544

### CPLR § 3012-a Certification

I, Aaron David Frishberg, attorney for Plaintiff, certify pursuant to CPLR § 3012-a (b) that it was not possible to consult with a psychiatrist concerning the merits of a claim of psychiatric malpractice prior to the commencement of this action, because there was not a reasonable time to do so prior to the running of the statute of limitations.

*[signature]*

Aaron David Frishberg, Esq.

### Jury Demand

Plaintiff demands a trial by jury of all claims triable by jury.

*[signature]*

Aaron David Frishberg (AF 6139)